# UNITED STATES DISTRICT COURT
## DISTRICT OF COLORADO

| | |
|---|---|
| Bobby Martinez,<br><br>    Plaintiff,<br><br>v.<br><br>Midland Credit Management, Inc.<br>c/o Corporation Service Company<br>1900 W. Littleton Blvd.<br>Littleton, CO 80120,<br><br>    Defendant. | Case No.<br><br><br>**COMPLAINT**<br><br><br><br>**Jury Demand Requested** |

## JURISDICTION AND VENUE

1- This court has jurisdiction pursuant to 28 U.S.C. §§1331, 1337, 1367; and 15 U.S.C. §1692k(d).

2- Venue is proper because a substantial part of the events giving rise to this claim occurred in this District.

## PARTIES

3- Plaintiff is a resident of the State of Colorado.

4- Plaintiff is a "consumer" as defined in the Fair Debt Collection Practices Act, 15 USC 1692 et seq. ("FDCPA").

5- Plaintiff incurred a "Debt" as defined in the FDCPA.

6- Defendant is a company with its principal office in the State of California.

7- Defendant acquired the Debt after it was in default.

8- Defendant regularly attempts to collects, or attempts to collect, debts that it acquired after the same were in default.

9- Defendant uses instruments of interstate commerce for its principal purpose of business, which is the collection of debts.

10- At all times relevant, Defendant was a "debt collector" as defined in the FDCPA.

## FACTS COMMON TO ALL COUNTS

11- On or around August 6, 2021, Defendant telephoned Plaintiff to collect a debt.

12- During this communication, Defendant represented to Plaintiff that, if Plaintiff did not pay the debt, Defendant would turn the account over to an attorney.

13- By representing that the account would be sent to an attorney, Defendant falsely represented that a lawsuit would be filed against Plaintiff.

14- At the time of this communication, Defendant had no control over whether legal action would be initiated against Plaintiff.

15- Defendant violated the FDCPA.

16- Defendant damaged Plaintiff.

## COUNT I

17- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

18- Defendant violated 15 USC § 1692e by engaging in false, deceptive, or misleading methods to collect a debt.

## COUNT III

19- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

20- Defendant violated 15 USC § 1692f by engaging in unfair and/or unconscionable means to collect, or attempt to collect, the Debt.

## COUNT III

21- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

22- Defendant violated 15 USC § 1692e(5) by threatening action that could not be legally taken or that Defendant did not intend to take.

## COUNT IV

23- Plaintiff incorporates all the allegations and statements made above as if reiterated herein.

24- Defendant violated 15 USC § 1692e(10) by making false representations during the collection of a debt.

## JURY DEMAND

25- Plaintiff demands a trial by jury.

## PRAYER FOR RELIEF

26- Plaintiff prays for the following relief:

    a.   Judgment against Defendant for Plaintiff's actual damages, as determined at trial, suffered as a direct and proximate result Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(1);

    b.   Judgment against Defendant for $1,000 in statutory damages for Defendant's violations of the Fair Debt Collection Practices Act, pursuant to 15 U.S.C. §1692k(a)(2)(A);

    c.   Judgment against Defendant for Plaintiff's reasonable attorneys' fees and costs incurred in this action, pursuant to 15 U.S.C. §1692k(a)(3); and

    d.   Any other legal and/or equitable relief as the Court deems appropriate.

RESPECTFULLY SUBMITTED,

The Litigation Practice Group

By: /s/ Richard J. Meier
Richard J. Meier, Esq.
17542 E. 17th Street, Suite 100
Tustin, CA 92780
Tel: 657-600-9790
Fax: 949-315-4332
richard@lpglaw.com
*Attorneys for Plaintiff*